No. 324.—SUCCESSION OF JOHN LILES, SR.—Provisional Account of
Executor.

A creditor of a succession who accepts notes and obligations in favor of the estate as
collateral security to collect and apply to his debt must, in order to escape responsibility,
collect them, or show the causes which prevented him. By a failure to collect such notes
or show any good reason why he did not do so, the amounts will be charged to him by
the executor, and if the amount is equal to his claim against the estate, compensation
takes place, and as he is no longer a creditor he cannot oppose the account of the
executor.

APPEAL from the Parish Court of the parish of Ouachita. *Robert
J. Caldwell*, parish judge. *R. G. Cobb* and *W. J. Q. Baker*, for
executor. *Morrison & Farmer*, for opponent and appellant.

TALIAFERRO, J. The dative testamentary executor of Liles, under
an order of court, filed a provisional account. It was opposed by
Wade H. Hough, on the ground that the executor refused to recognize
his judgment against Liles for $2966 66 as a just claim against the
estate. The account was also opposed by Abraham Levi on the ground
that his claim against the estate of Liles for $7861 27, on which he
had obtained judgment against Liles in 1866, had been refused by the
dative testamentary executor and not placed upon the account. Levi
also opposed the judgment of Hough, and upon the same ground that it
had been rejected by the executor, viz: that it was founded chiefly
upon a consideration arising from the price of slaves.

The executor contends that Levi, so far from being a creditor of
Liles's estate, is in fact a debtor. He shows that the original indebtness
of Liles to Levi was extinguished by the failure of Levi to collect
certain notes for a large amount, upon which judgment had been
confessed by one Hogan, and which were placed in his hands as
collateral security, to collect and apply the proceeds to the discharge
of the debt of Liles to Levi. On this issue there was much controversy.
It was decided, we think correctly, by the judge *a quo* who, in an
elaborate opinion, cited various authorities to sustain the doctrine that
the creditor receiving collateral obligations to secure his debt must use
proper diligence to collect them, and, to avoid responsibility, must
show the causes which prevented him. Finding from the facts in
evidence no grounds to exonerate Levi from this liability, judgment
was rendered against him, decreeing that the liability of Levi, so
incurred, exceeds the debt that Liles originally owed him, and that it
is the duty of the executor to collect the excess. C. C. 3002 ; 1 N. S.
767, 4 An. 301 ; 1 An. 13 ; 12 An. 672, 119 ; 10 An. 98, 69 S. 195. The
judgment of Hough was decreed to be a valid debt against the estate,
and its payment in full was ordered by the court. From the judgment
rendered by the court below the executor has not appealed ; and
coming to the conclusion that Levi, who has appealed, is not a creditor

of the estate of Liles, and has no interest to contest the correctness of Hough's judgment, the decree of the lower court must be maintained. Levi further opposed items from one to five on the executor's account. The items one and two were allowed ; the amounts as fees to Stubbs & Cobb, and also to W. J. Q. Baker, the court considered as not properly established, and were not allowed; but the right was reserved to establish these claims. The commissions claimed by the executor were allowed. With the alterations made, the provisional account was approved and promulgated.

We think the judgment correct.

It is therefore ordered that the judgment of the parish court be affirmed with costs.

Rehearing refused.